neither participated in nor observed the test on [the petitioner's] blood sample" violated the Confrontation Clause. However, even after *Bullcoming*, it is not clear whether the testimony of the analyst in this case—who supervised and worked in the same lab as the analyst who did the actual testing—would violate the Confrontation Clause.[3] Johnson has not made a substantial showing that his counsel was constitutionally deficient in failing to object to the analyst's testimony on Confrontation Clause grounds.

■ As to claim (3), Johnson fails to recognize that "reasonable foreseeability" is required only when holding a defendant accountable for "acts and omissions *of others* in furtherance of [a] jointly undertaken criminal activity." U.S.S.G. § 1B1.3(a)(1)(B) (emphasis added). Johnson was not charged with conspiracy, and he was found to be personally responsible for all drug amounts attributed to him. As to claim (4), Johnson does not demonstrate what a "proper" argument would look like or explain how it would have been successful. As to claim (5), the district court noted that Johnson "provides no evidence whatsoever to substantiate" his accusations, and Johnson's COA application likewise identifies no such evidence.

■ As to claim (6), the district court explained that the photograph at issue was a "scale" photograph developed and used by the City of Waco Planning Department for zoning and planning purposes, and that the photograph was introduced through the testimony of a department official. Using the scale, the witness testified that Johnson's residence was approximately

325 feet from an elementary school, well within the 1000–foot requirement. Johnson does not challenge the district court's analysis or otherwise explain why this evidence was insufficient to prove the distance element of his offense. Moreover, the introduction of a photograph used in city planning does not violate the Confrontation Clause because its "primary purpose" is clearly not "to establish or prove past events potentially relevant to later criminal prosecution." *Davis v. Washington*, 547 U.S. 813, 822, 126 S.Ct. 2266, 165 L.Ed.2d 224 (2006).

Johnson's motion for a COA is DENIED.

**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Jesus VENTURA, Defendant–Appellant.**

**No. 13–10066.**

United States Court of Appeals,
Fifth Circuit.

March 17, 2014.

Andrew O. Wirmani, Esq., Assistant U.S. Attorney, U.S. Attorney's Office, Dallas, TX, for Plaintiff–Appellee.

---

3. Justice Sotomayor, one of the five justices in the *Bullcoming* majority, explained in a concurrence that "this is not a case in which the person testifying is a supervisor, reviewer, or someone else with a personal, albeit limited, connection to the scientific test at issue." 131 S.Ct. at 2722 (Sotomayor, J., concurring). She opined that "[i]t would be a different case if, for example, a supervisor who observed an analyst conducting a test testified about the results or a report about such results." *Id.*

454

Jerry Van Beard, Esq., Assistant Federal Public Defender, Douglas Anthony Morris, Esq., Federal Public Defender's Office, Dallas, TX, for Defendant–Appellant.

Before BENAVIDES, CLEMENT, and GRAVES, Circuit Judges.

PER CURIAM: *

AFFIRMED. *See* 5TH CIR. R. 47.6.

UNITED STATES of America,
Plaintiff–Appellee

v.

Andrea C. ANDERSON; Norman Staubyn Anderson, Defendants–Appellants.

No. 12–41297.

United States Court of Appeals,
Fifth Circuit.

March 17, 2014.

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.